**In re: Leonard L. RIENDEAU, Debtor,**

**Leonard L. Riendeau, Debtor–Appellant,**

v.

**John R. Canney (Chapter 7 Trustee), Trustee–Appellee.**

**Docket No. 02–5066.**

United States Court of Appeals, Second Circuit.

Submitted: June 27, 2003.

Decided: July 9, 2003.

* The Honorable David N. Hurd, United States District Judge for the Northern District of

Kathleen Walls, Middlebury, VT, for Debtor–Appellant.

John R. Canney, III, Rutland, VT, for Trustee–Appellee.

Before: STRAUB and POOLER, Circuit Judges, and HURD, Judge.*

PER CURIAM.

Debtor–Appellant Leonard L. Riendeau ("Riendeau") is a Vermont dairy farmer who has filed for Chapter 7 bankruptcy. After he filed for bankruptcy protection, Riendeau received a check in payment for prior milk production as well as a federal milk-subsidy check. Riendeau claims that this post-petition income is exempt from the bankruptcy estate under 12 Vt. Stat. Ann. tit. 12, § 3170(b). The United States District Court for the District of Vermont (William K. Sessions, III, *Chief Judge*) affirmed the order of the United States Bankruptcy Court for the District of Vermont (Colleen A. Brown, *Judge*) sustaining the Trustee's objection to the claimed exemption. Both the Bankruptcy Court and the District Court concluded that § 3170(b) applies only when trustee process has been initiated under Vermont law and may not be invoked as an independent state exemption under 11 U.S.C. § 522(b)(2). We affirm for the reasons stated in Chief Judge Session's opinion

New York, sitting by designation.

and order.  *See In re Riendeau,* 293 B.R. 832, 2002 WL 32113751 (D.Vt.2002).